# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>GREGORY CLARK,<br><br><br>**Defendant** | )<br>)<br>) Case No. 16-MJ-330 (CFH)<br>)<br>)<br>)<br>)<br>) |

*U.S. DISTRICT COURT - N.D. OF N.Y.*
*FILED*
*JUN 14 2016*
*AT_____ O'CLOCK*
*Lawrence K. Baerman, Clerk - Albany*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of April 2, 2016 in the county of Rensselaer in the Northern District of New York, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in unlawful possession of firearm and ammunition |

This criminal complaint is based on these facts:
Please see the attached affidavit.

☒ Continued on the attached sheet.

*Complainant's signature*
ATF Special Agent William J. Mayo
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 14, 2016

*Judge's signature*

City and State: Albany, NY

Hon. Christian F. Hummel, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

WILLIAM J. MAYO, being duly sworn, deposes and says as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been so employed for more than 25 years.

2. I make this affidavit in support of a federal criminal complaint charging Gregory Clark ("Clark") with being a felon in unlawful possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

3. The information contained in this affidavit is based on my knowledge and on observations made by me during the course of this investigation, on information conveyed to me by other law enforcement officers, on witness interviews, and on my examination and review of reports and physical evidence.

4. Because this affidavit is being submitted for the limited purposes of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe establish Clark's violation of federal law.

5. Through my investigation I learned that on or about the early morning hours of April 2, 2016, Troy, New York police officers were dispatched to the area of the Irish Rover bar at 102nd Street between Second and Fifth Avenues, for a report of a man brandishing a gun while seated in a silver sedan. Descriptions of the man and the car were provided to responding officers. Upon arrival, officers questioned a black male near a grey vehicle. Officer William Fitch then noticed a second black male, with a thin build, wearing light-blue-colored jeans, a grey hooded sweater or sweatshirt, and a white baseball hat with a red brim; this second male was speaking to a female in a grey Dodge Neon.

6. While officers were interviewing the first male, a woman came out of the bar and told them they had the "wrong guy." She told officers that the man with the gun was the man standing near the Dodge Neon. Officers saw this man walk east on 102nd Street and go north on Fifth Avenue. Officers could not immediately locate him on Fifth Avenue.

7. Several minutes later, an unrelated call came in for a report of three females fighting in the area of Sixth Avenue between 102nd and 103rd Streets, very close to the bar. Officer Carlos Nazario arrived on scene and saw a man fitting the gun-wielding man's description walk hurriedly into the residence at 140 Sixth Avenue. As Officer Nazario approached that residence, he observed the same black male look through the pane windows on the front door, and then quickly move away from the windows upon seeing Officer Nazario. Officer Nazario entered the building's common hallway and observed that it was a two-unit building, with one apartment each on the first and second floors.

8. Officer Nazario spoke first with "K.M." (a woman whose full identity is known to me), who denied that anyone had entered her first-floor apartment. Officer Nazario proceeded to the second-floor apartment and interviewed a man from that apartment. The man claimed that everyone was sleeping and that he had only small children inside.

9. Officers then went back to the first-floor apartment and obtained permission from K.M. to search the apartment. Officers found Clark hiding in a closet. Clark was wearing a grey sweatshirt and light-colored jeans; officers observed, on the floor of the closet, a white baseball hat with a red brim. Also located near Clark was a quantity of .380 caliber ammunition.

10. Even though officers had K.M.'s consent to search, Sgt. Randall French advised officers to obtain a warrant to search the remainder of the apartment.

11. Sgt. John Becker promptly obtained a warrant from Troy City Court Judge Christopher Maier, dated April 2, 2016, authorizing a search of the first-floor residence at 140 Sixth Avenue. Executing this warrant, officers found in the closet, and seized, a Ruger Model GP100, .357 caliber revolver, serial #172-23353, in a black Nike shoe box; six (6) rounds of Hornady .357 caliber ammunition; seven (7) rounds of Federal .380 caliber ammunition; one box containing forty-six (46) rounds of CCI .22 caliber ammunition; and thirteen (13) additional rounds of Federal .380 caliber ammunition. Also seized were one grey Nike sweatshirt, one pair of True Religion Jeans-color white with blue trim, and one white Chicago Bulls baseball cap with red brim.

12. Clark was arrested and being prepared for transport to the Troy Police Department. At this time, unprompted, Clark looked at Sgt. Becker and said, "It's mine." Sgt. Becker responded, "What?" Clark again said, "It's mine." Sgt. Becker responded, "It's yours?" Clark responded "Yeah it's mine."

13. A check of Clark's criminal history shows the following felony convictions: he was convicted of Criminal Possession of Stolen Property-4th Degree: Possession of a Stolen Credit Card, a Class E felony, on October 17, 2008 in Schenectady County Court. He was also convicted of Criminal Sale of a Controlled Substance-5th Degree, a Class D felony, on March 23, 2011, in Rensselaer County Court. He was also convicted in Rensselaer County Court of Attempted Criminal Possession of a Narcotic Drug-4th Degree, a Class D felony, on September 12, 2013.

14. The Ruger Model GP100, .357 caliber revolver, serial #172-23353; Hornady .357 caliber ammunition; Federal .380 caliber ammunition; and CCI .22 caliber ammunition were

each manufactured outside of the State of New York and have thus previously traveled in or affected commerce and interstate commerce.

15. In June 2016, I interviewed K.M. She claimed that she never gave officers consent to search her home on April 2, 2016. Based on my investigation I believe that she did give consent to search her home in the presence of several officers, and is now trying to protect Clark by falsely claiming that she did not give consent. In any event, exigent circumstances permitted officers to enter the first-floor apartment at 140 Sixth Avenue, given that Clark brandished a gun that night in the vicinity of a bar and was then seen shortly thereafter hurriedly entering a multi-apartment residence.

16. I respectfully submit that this affidavit supports probable cause for a complaint authorizing the arrest of Gregory Clark for the above-described violation.

William J. Mayo
ATF Special Agent

Subscribed to and sworn to
This 14th of June 2016

HONORABLE CHRISTIAN F. HUMMEL
United States Magistrate Judge